UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

NU NU YEE,

      Plaintiff,

          v.                      Case No. 1:26-CV-00013-CCB-ALT

CANDANCE DOE, et al.,

      Defendant.

## OPINION AND ORDER

Nu Nu Yee filed a *pro se* complaint (ECF 1) and a motion for leave to proceed *in forma pauperis* (ECF 2) on January 8, 2026. Pursuant to 28 U.S.C. § 1915(a)(1), the Court "may authorize the commencement [of a civil lawsuit] without pre-payment of fees [if] the person is unable to pay such fees . . . ." A person is unable to pay the filing fee if "because of [her] poverty [doing so would result in the inability] to provide [her]self and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (quotation marks omitted).

When deciding whether to grant *in forma pauperis* status to a plaintiff, the Court must first determine whether her complaint is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2)(B). The Court has "ample authority to dismiss frivolous or transparently defective suits spontaneously." *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003).

"Although [pro se] litigants . . . benefit from various procedural protections,"

including liberal construction of pleadings, they "are not entitled to [exemption] from the rules of procedure . . . ." *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994). Fed. R. Civ. P. 8(a)(2) requires that complaints contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The statement must contain enough factual matter, accepted as true, to state a plausible claim, not a speculative one. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In addition, the complaint must contain a short and plain statement of the grounds for the Court's jurisdiction. *See* Fed. R. Civ. P. 8(a)(1).

This action arises from two state-court proceedings involving a residential lease: (1) Yee's discrimination and negligence claims against her landlord in *Nu Nu Yee v. Candace Doe*, Case Number 02D03-2512-SC-012649 before Allen Superior Court 3 and (2) Defendant Ruiz Installation, Inc.'s[1] eviction action against her in *Ruiz Installation, Inc. v. Nu Nu Yee, Michael Harber*, Case Number 02D01-2511-EV-004492 before Allen Superior Court 1. (ECF 1-1 at 14, 18). Yee's complaint includes 30 pages of supporting documents and exhibits. (ECF 1-1). The Court considers these attachments to the complaint "part of the pleading for all purposes." Fed. R. Civ. P. 10(c); *see also Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012); *Williamson v. Curran*, 675 F.3d 432, 436 (7th Cir. 2013). Among those documents are Yee's lease, a lease termination letter sent to Yee, images of the property, and related filings from both state actions in the Allen Superior Court. (ECF 1-1).

---

[1] The correct spelling of the defendant's name appears to be Ruiz Installation, Inc. (ECF 1-1 at 13).

2

Yee has sued several defendants and appears to assert discrimination and civil rights claims against Allen Superior Court Judge Brian Cook and her landlord, Ruiz Installation, Inc. (ECF 1 at 1). Yee does not mention Defendants Christopher Bandemer or Konrad M. L. Urberg beyond the complaint's caption and she makes no allegations against Candace Ruiz in her individual capacity.[2] Therefore, the Court will confine its analysis to Yee's claims against Defendants Ruiz Installation, Inc., and Judge Cook. Her only request for relief appears to be the removal of the eviction action from the Allen Superior Court to federal court. (ECF 1 at 3).

Yee alleges that Judge Cook "misuse[d] . . . the Constitution['s] laws of the United States of America" and has "treated [her] unjustifiably and unlawfully." (ECF 1 at 2). But "[a] judge has absolute immunity for any judicial actions unless the judge acted in absence of all jurisdiction." *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011). Yee has not alleged that Judge Cook acted in the absence of jurisdiction or outside court appointed duties. Without such allegations, Judge Cook is immune from suit, and claims cannot be stated against immune defendants. *See Olson v. Champaign Cnty., Ill.,* 784 F.3d 1093, 1095 (7th Cir. 2015). Thus, Yee fails to state a claim against Judge Cook.

Yee further alleges that her landlord, Defendant Ruiz Installation, Inc., "badly discriminated [against her]" and is "creating health hazards to the neighborhood." (ECF 1 at 3). Yee appears to assert a Fair Housing Act claim under 42 U.S.C. § 3604(a) for discriminatory eviction and a state-law negligence claim. To state a claim under the Fair

---

[2] The Court notes that the correct spelling of the defendant's name is Candace Ruiz. (ECF 1-1 at 13).

Housing Act for discrimination, a plaintiff must plead "factual allegations identifying (1) who discriminated against her; (2) the type of discrimination that occurred; and (3) when the discrimination took place." *McCauley v. City of Chicago*, 671 F.3d 611, 617 (7th Cir. 2011) (citing *Swanson v. Citibank, N.A.*, 614 F.3d 400, 405 (7th Cir. 2010)). Yee does not allege the type of discrimination that occurred or when it occurred. Without an alleged violation of the Fair Housing Act, there is no federal question in this case, and this Court lacks subject matter jurisdiction over this claim. Furthermore, without a valid federal claim, the Court cannot exercise supplemental jurisdiction over Yee's remaining state-law negligence claim. *See* 28 U.S.C. § 1367(a). Therefore, Yee fails to state a claim against Ruiz Installation, Inc.

Because Yee fails to state a claim against any Defendant, her motion to proceed *in forma pauperis* is **DENIED**. The Court affords Yee leave to amend her complaint to become compliant with the federal rules and refile a motion to proceed *in forma pauperis* by **April 24, 2026**. The Court also **CAUTIONS** Yee that failure to comply with this deadline, plead federal jurisdiction, pay the filing fee or file for *in forma pauperis* status, or file a rule-compliant complaint will result in the dismissal of her case without further notice because her current complaint does not state a claim.

SO ORDERED on March 24, 2026.

/s/ *Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT

4